### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| ANTHONY A. JARAMILLO, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 5:22-cv-00029 |
| NATIONAL CREDIT SYSTEMS, INC., and MARIGOLD APARTMENT, | JURY TRIAL DEMANDED |
| Defendants. | |

### COMPLAINT

**NOW COMES** Anthony A. Jaramillo ("Plaintiff"), by and through his undersigned counsel, complaining of the Defendants, National Credit Systems, Inc., and Marigold Apartment (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 USC §1692 *et. seq.*, Regulation F ("REG F") pursuant to 12 CFR 1006 *et seq.*, and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 *et. seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because all of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in San Antonio, Texas.

6. NATIONAL CREDIT SYSTEMS, INC. ("NCS") is a prominent debt collection firm who collects defaulted debt owed to others.

7. NCS is a corporation with its principal place of business located at 3750 Naturally Fresh Boulevard, Atlanta, Georgia 30349.

8. MARIGOLD APARTMENT ("Marigold") is an apartment complex which provides residential leases to consumers.

9. Marigold is located at 2303 Goliad Road, San Antonio, Texas 78223.

10. At all times relevant, Defendant Marigold had a consensual agency relationship with Defendant NCS whereby Marigold (as the principal) had the right to control and direct the activities of NCS and NCS had the authority to act on behalf of Marigold. Defendant Marigold, as the principal of NCS, is liable for the acts of NCS and its agents.

## FACTUAL ALLEGATIONS

11. At some point, Plaintiff leased an apartment with Marigold.

12. On January 13, 2017, Plaintiff vacated the apartment and was made aware of charges still due and owing via an Itemized Account Statement from Marigold.

13. Plaintiff was aware of the balance owed and wished to rectify the situation.

14. In or around March 2017, NCS acquired the debt on which Marigold was attempting to collect ("alleged debt").

15. In March 2017, NCS reported the alleged debt to all three major credit bureaus as past-due and in collections.

16. On March 20, 2018, Plaintiff visited the management office for Marigold and dealt with the property manager, Elvia Medellin ("Elvia").

17. At that time, Plaintiff paid a sum of $1,476.33 via two money orders, the full unpaid balance due on his account.

18. Elvia provided Plaintiff with a letter stating that the balance was paid in full.

19. In mid-2021, Plaintiff sent proof of payment to NCS that the alleged debt had already been paid to Marigold and that Marigold was attempting to collect on a debt not owed.

20. On November 8, 2021, Plaintiff received a letter from NCS stating that it had investigated his dispute and it has "yet to find sufficient evidence to validate [his] claim(s)."

21. On December 30, 2021, Plaintiff obtained his credit reports from all three major credit bureaus and was astonished by what he found.

22. Specifically, on December 23, 2021, NCS had updated the status of the alleged debt with the three major credit bureaus, still reporting that Plaintiff (1) owed a balance of $1,476; (2) that the alleged debt was still in collections; and (3) that the alleged debt was past-due.

23. Despite Plaintiff paying the debt in full and providing Defendant NCS evidence of the same, Defendant continued to report the alleged debt on his credit files as due and owing.

## **DAMAGES**

24. As of today, the erroneous reporting of the alleged debt continues to paint a false and damaging image of Plaintiff.

25. NCS' reckless indifference relating to the inaccurate reporting of the subject debt has frustrated Plaintiff's ability to control his credit report and his ability to benefit from the credit history he has built over the years.

26. As a result of NCS' conduct, Plaintiff has suffered various types of damages as set forth herein, including decreased credit score, humiliation, the loss of credit opportunity, time expended monitoring his credit files, mental anguish, emotional distress, and costs associated with obtaining his credit reports from all three credit bureaus.

27. Due to Defendant's unethical behavior, Plaintiff was forced to retain counsel to correct Defendant's errors.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
**(15 U.S.C. §1692 *et. seq.*)**
***Against NCS***

28. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

30. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and credit reporting to collect delinquent accounts allegedly owed to a third party.

31. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was allegedly in default. 15 U.S.C. §1692a(6)

32. Defendant used the phone and credit reporting to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

33. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(8), and e(10), through its unlawful debt collection practices.

### a.   Violations of FDCPA § 1692e

34. Pursuant to §1692e of the FDCPA, a debt collection is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

35. Defendant violated §1692e by using false, deceptive, and misleading representation in connection with the collection of the alleged debt by attempting to collect the alleged debt after it was paid in full to Marigold. Despite Plaintiff paying the alleged debt in full and providing Defendant NCS evidence of the same, Defendant continued to report the alleged debt on his credit files as due and owing.

36. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Defendant reported the alleged debt on Plaintiff's credit files, and despite Plaintiff not owing the subject debt, which had previously been paid to Defendant Marigold in March 2018. Defendant knew Plaintiff paid the subject debt in full yet continued reporting the subject debt as unpaid.

37. Section 1692e(8) of the FDCPA prohibits a debt collector from "communicating or threatening to communicate to any person credit information which is known, or which should be known to be false." 15 U.S.C. §1692e(8).

38. As pled above, Plaintiff paid the alleged balance to Marigold and received proof of payment on March 20, 2018.

39. As pled above, Plaintiff disputed the alleged debt and provided proof of payment to NCS in or around mid-2021.

40. NCS violated §§1692e and e(8) when it continued to report the alleged debt to all three credit bureaus stating that Plaintiff still owed a balance, that the balance owed was past-due and that the account was in collections.

41. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the alleged debt twice. Despite Plaintiff paying the alleged debt in full and providing Defendant NCS evidence of the same, Defendant continued to report the alleged debt on his credit files as due and owing.

42. Moreover, NCS received proof of payment from Plaintiff and chose to ignore that the alleged debt was already paid in full at the time of its reporting.

43. Despite Plaintiff providing proof of payment, NCS *still* reported the alleged debt derogatorily to the credit bureaus.

**WHEREFORE**, Plaintiff, ANTHONY A. JARAMILLO, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Enjoin Defendants from continuing to contact Plaintiff;

c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as the Honorable Court deems just and proper.

## COUNT II - VIOLATIONS OF REGULATION F

**(12 CFR 1600 *et seq.*)**
***Against NCS***

44. Plaintiff restates and realleges all paragraphs of this Complaint as through fully set forth herein.

45. Section 1006.18(b)(2) prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt." 12 CFR § 1006.18(b)(2).

46. NCS violated §1006.18(b)(2) by misrepresenting to all three major credit bureaus in December 2021– and by proxy, anyone who requests to view Plaintiff's credit reports – that the alleged debt was in still owed, past-due, and in collections when, in fact, Plaintiff had paid the full balance to Marigold in 2018.

47. NCS' deceptive and misleading behavior harmed Plaintiff and stripped him of his rights under the FDCPA and Regulation F.

**WHEREFORE**, Plaintiff, ANTHONY A. JARAMILLO, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute, thus violating the Fair Debt Collection Practices Act;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

d. Award any other relief as the Honorable Court deems just and proper.

## <u>COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT</u>
### (Tex. Fin. Code Ann. § 392 *et seq.*)
### *Against NCS and Marigold*

48. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49. Section 392.304(8) of the Texas Finance Code prohibits:

FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS.
(a) Except as otherwise provided by this section, in debt collection or obtaining

information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: (8) misrepresenting the character, extent, or amount of a consumer debt... Tex. Fin. Code Ann. §392.304(19).

50. NCS violated Tex. Fin. Code Ann. §§ 392.304 and 392.304(8) by providing false information regarding the amount and character of the alleged debt to all three major credit bureaus.

51. As pled above, Plaintiff provided proof to NCS that the alleged debt had already been paid to Marigold; and yet, NCS stated that a proof of payment letter was not sufficient evidence to prove that the alleged debt had been paid and continued to report the alleged debt to the credit bureaus.

52. Specifically, by representing to the credit bureaus that the alleged debt was still owed and was in collections falsely stated the *amount* and *character* of the alleged debt.

53. As pled above, Plaintiff was severely harmed by NCS' conduct.

**WHEREFORE**, Plaintiff, ANTHONY A. JARAMILLO, requests that this Honorable Court enter judgment in his favor as follows:

a. Finding that Defendants violated Tex. Fin. Code Ann. §§ 392.304 and 392.304(8);

b. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

c. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

d. Awarding any other relief as this Honorable Court deems just and appropriate

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: January 13, 2022                          Respectfully Submitted,


                                                 /s/ Marwan R. Daher
                                                 Marwan R. Daher, Esq.
                                                 *Counsel for Plaintiff*
                                                 Sulaiman Law Group, Ltd
                                                 2500 S Highland Ave, Suite 200
                                                 Lombard, IL 60148
                                                 Telephone: (630) 537-1770
                                                 mdaher@sulaimanlaw.com