IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTHONY A. JARAMILLO, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 5:22-cv-00029 |
| NATIONAL CREDIT SYSTEMS, INC., and MARIGOLD APARTMENT. | § § § | |
| *Defendants*. | § § | |

## DEFENDANT NATIONAL CREDIT SYSTEMS, INC.'S ORIGINAL ANSWER

National Credit Systems, Inc. ("Defendant" or "NCS") files this answer to respond to Plaintiff's *Complaint* (the "Complaint") filed by Plaintiff Anthony A. Jaramillo ("Plaintiff" or "Jaramillo") and would show the Court as follows:

### A.  ADMISSIONS & DENIALS

Pursuant to Rule 8(b), Defendant makes the following admissions, denials and other responses to Plaintiff's averments, by corresponding paragraph number used in the Complaint:

#### NATURE OF THE ACTION

1. Defendant admits that Plaintiff asserts claims pursuant to the FDCPA, REG F, and TDCA, but denies any liability, and to the extent that Paragraph 1 contains any factual statements, Defendant denies same.

#### JURISDICTION AND VENUE

2. Defendant does not contest subject matter jurisdiction as alleged in Paragraph 2.

3. Defendant does not contest supplemental jurisdiction as alleged in Paragraph 3.

4. Defendant does not contest venue as alleged in Paragraph 4.

## THE PARTIES

5. Defendant lacks sufficient information to know the truth whether Plaintiff is residing in San Antonio, Texas, but admits he is a natural person over 18 years of age as alleged in Paragraph 5.

6. Defendant admits the allegations in Paragraph 6.

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant admits the allegations in Paragraph 9.

10. Defendant admits that it was hired to collect the alleged debt, but denies the remaining allegations in Paragraph 10.

## FACTUAL ALLEGATIONS

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

13. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 16.

17. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 17.

18. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant admits the allegations in Paragraph 20.

21. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 21.

22. Defendant admits furnishing information regarding the subject debt, including that it was disputed, but denies the remaining allegations in Paragraph 22.

23. Defendant admits furnishing information regarding the subject debt, including that it was disputed, but denies the remaining allegations in Paragraph 23.

## DAMAGES

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

### COUNT I. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. § 1692 et. seq.)
*Against NCS*

28. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

29. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 29.

30. Defendant admits the allegations in Paragraph 30.

31. Defendant admits the allegations in Paragraph 31.

32. Defendant admits the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

**a. Violation of the FDCPA § 1692e**

34. Paragraph 34 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 34 does contain any factual averments, Defendant denies same.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Paragraph 37 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 37 does contain any factual averments, Defendant denies same.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

Defendant denies that Plaintiff is entitled to any of the requests for relief following Paragraph 43, including subsections (a) – (e).

COUNT II. VIOLATION OF REGULATION F
(12 CFR 1600 et. seq.)
*Against NCS*

44. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

45. Paragraph 45 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 45 does contain any factual averments, Defendant denies same.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

Defendant denies that Plaintiff is entitled to any of the requests for relief following Paragraph 47, including subsections (a) – (d).

### COUNT III. VIOLATION OF TEXAS DEBT COLLECTION ACT
(Tex. Fin. Code Ann. § 392 et. seq.)
*Against NCS and Marigold*

48. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

49. Paragraph 49 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 49 does contain any factual averments, Defendant denies same.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

Defendant denies that Plaintiff is entitled to any of the requests for relief following Paragraph 53, including subsections (a) – (d).

### JURY DEMAND

The Paragraph following Paragraph 53 is a demand for jury trial without any factual averment(s) to admit or deny.

B. <u>AFFIRMATIVE DEFENSES</u>

AD1. Even if Plaintiff proves the allegations in the Complaint, Defendant is not liable to Plaintiff because the FDPCA exculpates collectors who make mistakes notwithstanding the use of reasonable procedures adopted to prevent making them. Defendant reports debts to the consumer reporting agencies, and is entitled to rely upon information provided by the Original Creditor. Any actions or omissions resulting in the alleged FDCPA and TDCA violations was not intentional and resulted from a bona fide mistake, notwithstanding the use of such reasonable procedures Defendant has adopted to avoid such actions or omissions. *See* 15 U.S.C. § 1692k(c) and TEX. FINC. CODE § 392.401.

AD2. Plaintiff's claims against Defendant are barred in whole or in part, by the fact Plaintiff has no actual damages, and thus no standing.

AD3. Plaintiff's claims against Defendant are barred in whole or in part, because Plaintiff lacks standing, and/or Defendant is not liable for Plaintiff's claims, as Plaintiff does not have any injury-in-fact following a mere technical or procedural violation of the FDCPA or TDCA. *See e.g., Spokeo, Inc. v. Robins*, 2015 U.S. LEXIS 2947, 135 S. Ct. 1892, 191 L. Ed. 2d 762, 83 U.S.L.W. 3819 (U.S. 2015).

AD4. Plaintiff's claims against Defendant are barred, or Defendant is not liable for Plaintiff's claims, due to intervening or superseding causes, or the actions or omissions of third parties.

AD5. As separate alternative affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set out herein, cannot be

determined until Defendant has had an opportunity to complete discovery. Therefore, Defendant incorporates all said affirmative defenses as if fully set forth herein.

AD6. Pleading affirmatively, Defendant reserves any and all defenses available under the FDCPA, and applicable Federal Trade Commission rules, regulations, orders, and decisions.

AD7. Defendant reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

## PRAYER

Defendant NCS requests a judgment that Plaintiff takes nothing on his claims against Defendant and that Plaintiff's claims against Defendant are dismissed. Defendant prays for such other and further relief to which Defendant is entitled.

Respectfully submitted,

By: _____
JOHN W. BOWDICH
State Bar No. 00796233

BOWDICH & ASSOCIATES, PLLC
8150 N. Central Expy., Suite 500
Dallas, Texas 75206
(214) 307-9500 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com

ATTORNEYS FOR DEFENDANT
NATIONAL CREDIT SYSTEMS, INC.

CERTIFICATE OF SERVICE

On February 10, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, San Antonio Division using the electronic case filing system of the court, thereby providing service to all parties.

Marwan R. Daher, Esq.       VIA ECF
SULAIMAN LAW GROUP, LTD.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
*ATTORNEYS FOR PLAINTIFF*

By: _____
JOHN W. BOWDICH